Mr. Justice Montgomery
dissenting:
I am not able to fully agree to the conclusion which has been reached by my brethren in this case, and I will briefly state my reasons why.
The memoranda quoted by Mr. Justice James, .which was-filed by someone, and which purports to be a statement, or an abstract of a statement of what deceased is alleged-to have said in the presence of witnesses in regard to the disposition of his property, seems to have been treated throughout the pro *18 ceedings as the alleged will itself, and when the matter came on for hearing in the Orphans’ Court, instead of proceeding to hear the evidence, the “ decree” indicates that the presiding justice simply considered whether or not that paper should be admitted to “ probate and record * * * as the nuncupative will of the said Bushrod W. Askins,” and very properly decided that it should not be so admitted.
Of course everybody understands that a nuncupative will is one which is “ made by word, or without writing.” “An oral will made by the testator in extremis.”
Manifestly it was not the intention of the statute which has been quoted by Mr. Justice James to require that the will itself should be reduced to writing, and yet for some (to me) wholly unaccountable reason, learned authors and commentators have declared that the statute did “ enact * * * that no nuncupative will shall be proved by the witnesses after six months from the making, unless it were put in writing, within six days.” 2 Black. Com., 501; 4 Kent. Com., 517; 2 Bouv:, L. D., 247.
These authorities are so eminent that I should not venture to intimate that they were in error were it a question of construction or of legal judgment, or indeed anything beyond what it is, — a simple accurate reading of the words of the act.
-If, then, the statute means, as we all agree that it does, that the will itself need not be written, and that in case the hearing occurs within six months after the speaking of the “ pretended testamentary words,” any witness may depose, even though nothing of his testimony, or of its substance, has been “committed to writing,” and if, as we also all agree, in case such hearing take place after the expiration of such six months; then any witness whose testimony or substance of which was within the six days “ committed to writing,” may testify to such facts so committed, whether such testimony or substance be in one or any number of different papers, and whether filed before such hearing or not, then I am sure it follows that whenever such hearing comes on the propounder should be allowed an opportunity to present his testimony, and all his *19 ■competent material testimony, and if he fails to establish the fact that the deceased said or did that which amounts to the making of a nuncupative will, it should be so decreed.
The record and files which we have' before us in this case ■do not indicate that any testimony whatever was heard or offered, but as said above, that the paper itself was treated as the alleged will, and on its face, it clearly failing to exhibit such facts as would establish the making of a nuncupative will, the decree was made.
In my opinion the cause should go back to the Orphans’ ■Court, and the propounder of this alleged nuncupative will be afforded an opportunity to present his testimony, if he have ■any, and all of it which is under the statute competent, and whether its substance be or be not on file in the case. We ■are all agreed, however, that after the expiration of the six months, no witness can be heard unless his testimony or its .substance were committed to writing within the six days.